JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Paul E. Williams | Jeanette M. Wade, Superior Credit Union |

| (b) County of Residence of First Listed Plaintiff     Marion County, FL | County of Residence of First Listed Defendant     Montgomery County, PA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kalikhman & Rayz, LLC<br>1051 County Line Road, Suite "A"<br>Huntingdon Valley, PA 19006   Phone: (215) 364-5030 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☐ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☒ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332

Brief description of cause:
Partition of real property

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
01/06/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Williams
                                  :    CIVIL ACTION

          v.                    :

Jeanette M. Wade, Superior Credit Union    :    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

    01/06/2020                                     Plaintiff
**Date**                     **Attorney-at-law**              **Attorney for**

  (215) 364-5030           (215) 364-5029         erayz@kalraylaw.com
**Telephone**                  **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____2356 NW 53rd Avenue Road Ocala, FL 34482_____

Address of Defendant: _____9 West 2nd Street Pottstown, PA 19464_____

Place of Accident, Incident or Transaction: _____Montgomery County_____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _01/06/2020_    _____    _87976_
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☑ 9. All other Diversity Cases
  *(Please specify):* _____Partition of real property_____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____Arkady "Eric" Rayz_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _01/06/2020_    _____    _87976_
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL E. WILLIAMS

       Plaintiff(s)

      v.

JEANETTE M. WADE, SUPERIOR CREDIT UNION;   |   Civil Action No.

       Defendant(s)

## NOTICE OF PENDENCY OF PARTITION PROCEEDINGS

Notice is hereby given than an action has been commenced in the above-entitled court, numbered and entitled as set forth in the heading, on the complaint of the above-named plaintiff against the above-named defendants, for the purpose of obtaining partition of the premises described in the complaint among the owners of the property or, in the alternative, for a sale of the property under the diction of the court and a division of the proceeds of the sale among the owners, according to their respective rights. The premises are located in the County of Montgomery, Commonwealth of Pennsylvania, and are more particularly described as follows:

> 9 West 2nd Street
> Pottstown, PA 19464
> Parcel ID No. 16-00-25344-00-2

**(SIGNATURE ON THE FOLLOWING PAGE)**

1

2

Date: <u>January 6, 2020</u>                    Respectfully submitted,
                                                **KALIKHMAN & RAYZ, LLC**


Arkady "Eric" Rayz
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL E. WILLIAMS<br><br>        Plaintiff(s)<br><br>      v.<br><br>JEANETTE M. WADE, SUPERIOR CREDIT UNION;<br><br>        Defendant(s) | Civil Action No. |

## CIVIL COMPLAINT

Paul E. Williams ("Plaintiff"), by way of this Civil Complaint alleges as follows:

### I.        INTRODUCTION

1.        This is an action for partition of a real property, located in the County of Montgomery, Commonwealth of Pennsylvania, more particularly described as 9 West 2nd Street Pottstown, PA 19464, Parcel ID No. 16-00-25344-00-2 ("Property"), and damages, as set forth herein.

### II.        THE PARTIES

2.        Plaintiff is an adult individual citizen of the State of Florida, who may be served at 2356 NW 53rd Avenue Road Ocala, FL 34482.

3.        Jeanette M. Wade ("Defendant Wade") is an individual, citizen of the Commonwealth of Pennsylvania, who may be served at the Property.

4.        Superior Credit Union ("Defendant Superior") is a financial institution, organized under the laws of the Commonwealth of Pennsylvania, that may be served at 1000 Crosskeys Road Collegeville, PA 19426.

3

### III.     JURISDICTION AND VENUE

5.       This Honorable Court has jurisdiction under 28 U.S.C. § 1332, as the current value

of the Property exceeds $75,000.00.

6.       The Eastern District of Pennsylvania is the proper venue for this litigation pursuant

to 28 U.S.C. § 1391.

### IV.     STATEMENT OF CLAIMS

7.       On March 31, 2008, Plaintiff and Defendant Wade purchased the Property and took

title as joint tenants with right of survivorship.  A true and correct copy of the deed is marked and

attached hereto as Exhibit "A."

8.       The transaction at issue was financed by Plaintiff and Defendant Wade by way of

a mortgage loan from Defendant Superior in the amount of $83,861.51 that was recorded against

the Property.

9.       After the purchase, Plaintiff moved to the State of Florida and requested that

Defendant Wade purchase his interest in the Property or that the Property be sold and the proceeds

divided.

10.      Defendant Wade did not move forward to sell the Property or pay Plaintiff his share

of the equity in the Property.

11.      Since that time, Defendant Wade has been in possession of the Property and has

enjoyed the sole and exclusive use of the Property.

12.      Since moving to the State of Florida, on numerous occasions, Plaintiff has

requested that the Property be sold and that he be paid his one-half interest in the Property, but

Defendant Wade has refused.

13.      As an alternative, since moving to the State of Florida, Plaintiff also requested that

4

Defendant Wade purchase his one-half interest in the Property from Plaintiff, but Defendant Wade has refused that option as well.

14.     Since 2012, to avoid damaging his credit rating, Plaintiff has expended in excess of $79,000.00 in payments related to the Property, including for mortgage, insurance, utilities, and taxes.

15.     Plaintiff no longer desires to own the Property and wants to receive his fair market value for his interest in the Property, which has a current estimated value in excess of $110,000.00.

16.     Defendant Wade has refused all efforts to mediate this dispute or to otherwise reach a resolution without resorting to litigation.

**B.     CAUSES OF ACTION**

**COUNT I**
**Against all Defendants**
**Partition**

17.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

18.     Other than the parties to this lawsuit, there are no other parties or entities with an interest in the Property.

19.     In accordance with applicable law of the Commonwealth of Pennsylvania, Plaintiff is entitled to a partition of the Property.

20.     Plaintiff has no adequate remedy at law and risks losing his interest in the Property, if partition is not granted.

**COUNT II**
**Against Defendant Wade**
**Unjust Enrichment**

21.     Plaintiff hereby incorporates all facts and allegations of this document by reference,

as if fully set forth at length herein.

22.     Plaintiff has conferred a monetary benefit on Defendant Wade, in the amount of at least $79,000.00.

23.     Defendant Wade appreciated this benefit, in that she has resided at the Property without paying any rent or making any mortgage payments and now stands to gain from any future sale of the Property.

24.     Moreover, Plaintiff has suffered special damages or possible special damages, such as deterioration of the Property or increases in taxes that Plaintiff would have to pay to avoid further damage to the credit rating.

25.     Given the underlying circumstances, it would be inequitable for Defendant Wade to retain an inequitable share from the sale of the Property.

**COUNT III**
**Against Defendant Wade**
**68 P.S. § 101**

26.     Plaintiff hereby incorporates all facts and allegations of this document by reference, as if fully set forth at length herein.

27.     In accordance with 68 P.S. § 101:

> In all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their co-tenant or tenants are entitled.

Id.

6

28.     Thus, "a tenant not in possession . . . may recover from a co-tenant in possession .

. . his or her share of the rental value of a piece of jointly owned property." <u>Fischer v. Wurts</u>, 1997

WL 407987 *5 (E.D.Pa. 1997).

29.     As result of Defendants' actions, Plaintiff has suffered damages in an amount to be

determined by the Court.

## V.     <u>CLAIM FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays for:

a.      A finding and adjudication that Plaintiff and Defendant Wade are the owners and

holders of the undivided interests in the Property as set forth.

b.      For a partition of the Property, according to the respective rights of the parties, with

equal division and allocation of the lien of the balance of the mortgage between the

parties.

c.      If a partition of the Property cannot be had without material injury to the rights of

the parties, that the Property be immediately listed and marketed for sale and,

thereafter, sold, with the proceeds applied as follows:

1.      To the payment of the general costs of the action;

2.      To satisfy and cancel of record the lien of the mortgage by payment of the

sum due or to become due thereon;

3.      To the payment of reasonable attorneys' fees, incurred for the common

benefit of the parties in this action; and

4.      To distribute the residue among the owners of the Property, according to

their respective rights and interests therein.

d.      Defendant Wade to pay Plaintiff one-half the fair market rental value of the

Property for each month that she had or has sole and exclusive occupancy of the

Property.

e.   Such other relief as the Honorable Court shall deem just and appropriate.

Date: <u>January 6, 2020</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

8

# EXHIBIT "A"



## RECORDER OF DEEDS
## MONTGOMERY COUNTY
### *Nancy J. Becker*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**DEED BK 5692 PG 01523 to 01527**
INSTRUMENT # : 2008050174
RECORDED DATE: 05/13/2008 02:20:06 PM



0317324-0012G

**MONTGOMERY COUNTY ROD**

| OFFICIAL RECORDING COVER PAGE | Page 1 of 5 |
| --- | --- |

| | | |
| --- | --- | --- |
| **Document Type:** Deed | **Transaction #:** | 240236 - 2 Doc(s) |
| **Document Date:** 03/31/2008 | **Document Page Count:** | 4 |
| **Reference Info:** | **Operator Id:** | tbutler |

**RETURN TO:** (Simplifile)
CU Abstract
626 Jacksonville Road, Suite 135
Warminster, PA 18974
(267) 803-5000

**SUBMITTED BY:**
CU Abstract
626 Jacksonville Road, Suite 135
Warminster, PA 18974
(267) 803-5000

**\* PROPERTY DATA:**
Parcel ID #: 16-00-25344-00-2
Address: 9 W SECOND ST

PA
19464
Municipality: Pottstown Borough
School District: Pottstown

**\* ASSOCIATED DOCUMENT(S):**

| CONSIDERATION/SECURED AMT: | $83,861.51 |
| --- | --- |
| **FEES / TAXES:** | |
| Recording Fee:Deed | $46.50 |
| State RTT | $838.62 |
| Pottstown Borough RTT | $419.31 |
| Pottstown School District RTT | $419.31 |
| Total: | $1,723.74 |

DEED BK 5692 PG 01523 to 01527
Recorded Date: 05/13/2008 02:20:06 PM

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.



Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

Prepared by and Return to:

CU Abstract
Centerpointe Office Center
626 Jacksonville Road Ste. 135
Warminster, PA 18974
267-803-5000

File No. CUP3242

Parcel ID No. 16-00-25344-002

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
16-00-25344-00-2    POTTSTOWN BOROUGH
9 W SECOND ST
MASTELLER JASON C                                    $5.00
B 035  L  U 046  1101  DATE: 05/13/2008              JU

**This Indenture**, made the __31__ day of __March__ __2008__,

**Between**

**JASON C. MASTELLER**

(hereinafter called the Grantor), of the one part, and

**PAUL E. WILLIAMS AND JEANETTE M. WADE**

(hereinafter called the Grantees), of the other part,

**Witnesseth**, that the said Grantor for and in consideration of the sum of **Eighty Three Thousand Eight Hundred Sixty One And 51/100 Dollars ($83,861.51)** lawful money of the United States of America, unto him well and truly paid by the said Grantees, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantees, as Joint tenants w/ Rights of survivorship

ALL THAT CERTAIN messuage or tenement and lot or piece of land situate in the Borough of Pottstown, County of Montgomery and State of Pennsylvania, bounded, limited and described as follows, to wit:

BEGINNING at a point on the north side of Second Street 66 feet 6 inches west from the northwest corner of Johnson and Seconds Streets; thence northwardly along the lot of now or late of Elizabeth Morgan 140 feet to a 20 feet wide alley; thence westwardly along said alley 23 feet more or less; thence southwardly 140 feet to Second Street aforesaid; thence eastwardly along said Seconds Street 23 feet more or less to the place of beginning.

BEGIN Parcel No. 16-00-25344-00-2

BEING THE SAME PREMISES WHICH Dennis S. Wissinger, Jr., a/k/a Dennis L. Wissinger, Jr. and Wanda M. Wissinger, husband and wife by Deed, dated 10/8/2003 and recorded 10/8/2003 in the County of Montgomery in Deed Book 5476, page 2310, conveyed unto Jason C. Masteller, his heirs and assigns, in fee.

TAX PARCEL #16-00-25344-00-2

**Together with** all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of him, the said grantor, as well at law as in equity, of, in and to the same.

**To have and to hold** the said lot or piece of ground described above, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns, to and for the only proper use and behoof of the said Grantees, their heirs and assigns, forever.

**And** the said Grantor, for himself and his heirs, executors and administrators, does, by these presents, covenant, grant and agree, to and with the said Grantees, their heirs and assigns, that he, the said Grantor, and his heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns, against him, the said Grantor, and his heirs, will warrant and defend against the lawful claims of all persons claiming by, through or under the said Grantor but not otherwise.

**In Witness Whereof**, the party of the first part has hereunto set his hand and seal. Dated the day and year first above written.

**Sealed and Delivered**
IN THE PRESENCE OF US:

_____          _____ {SEAL}
                                          Jason C. Masteller

2

Commonwealth of Pennsylvania   } ss
County of  Bucks

    On this, the 31st day of _____March_____, 2008, before me, the undersigned Notary Public, personally appeared **Jason C. Masteller**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public
My commission expires _____

The precise residence and the complete post office
address of the above-named Grantees is:

9 W. 2nd St
Pottstown Pa 19464

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARY ELAINE BOWLES, Notary Public
East Pikeland Twp., Chester County
My Commission Expires December 12, 2009

_____
On behalf of the Grantees

Parcel ID No. 16-00-25344-002

Jason C. Masteller

TO

Paul E. Williams and Jeanette M. Wade

BOROUGH OF POTTSTOWN
MONTGOMERY COUNTY, PA
PROPERTY DEED TRANSFER
REGISTRATION APPROVED.

DATE: 5-9-08

BY:

BOROUGH TREASURER

CU Abstract
Centerpointe Office Center
626 Jacksonville Road Ste. 135
Warminster, PA 18974
Telephone: 267-803-5000 Fax: 267-803-5001

Deed