**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Williams<br><br>                    Plaintiff(s)<br><br>        v.<br><br>Wade, et al.<br><br>                    Defendant(s) | <br><br><br><br><br>Case No. 2:20-cv-00179-JP |

**MOTION FOR A DEFAULT JUDGMENT**

Paul E. Williams ("Plaintiff") hereby moves this Honorable Court for entry of a default judgment with respect to Count I of his Complaint, directing partition of 9 West 2nd Street Pottstown, PA 19464, Montgomery County, Commonwealth of Pennsylvania, Parcel ID No. 16-00-25344-00-2, in accordance with Pa.R.Civ.P. 1557. Plaintiff incorporates herein the attached memorandum and exhibits (if any) in support of this Motion.

Date: <u>May 26, 2020</u>                                             **KALIKHMAN & RAYZ, LLC**


/s/
Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com

Counsel for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Williams <br><br>                      Plaintiff(s) <br><br>      v. <br><br> Wade, et al. <br><br>                     Defendant(s) | <br><br><br><br><br> Case No. 2:20-cv-00179-JP |

## MEMORANDUM OF LAW
## IN SUPPORT OF A MOTION FOR A DEFAULT JUDGMENT

Date: May 26, 2020                            **KALIKHMAN & RAYZ, LLC**

/s/
_____
Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com

Counsel for Plaintiff(s)

2

## TABLE OF CONTENTS

I.    Statement of Facts.................................................................................................................4

II.   Argument ...........................................................................................................................5

      A.    Legal Standard ...........................................................................................................5

      B.    Plaintiff is entitled to a default judgment...............................................................6

            1.    The jurisdictional prerequisites for the entry of a default
                  judgment are satisfied ...................................................................................6

            2.    Plaintiff established a legitimate cause of action.......................................7

            3.    Default judgment is appropriate..................................................................8

III.  Conclusion .......................................................................................................................11

## I.    Statement of Facts

On March 31, 2008, Paul E. Williams ("Plaintiff") and Jeanette M. Wade ("Defendant Wade") purchased 9 West 2nd Street Pottstown, PA 19464, Montgomery County, Parcel ID No. 16-00-25344-00-2 ("Property") and took title as joint tenants with right of survivorship.[1]  The transaction at issue was financed by Plaintiff and Defendant Wade by way of a mortgage loan from Superior Credit Union ("Defendant Superior") and recorded against the Property.[2]

After the purchase, Plaintiff moved to the State of Florida and requested that Defendant Wade purchase his interest in the Property or that the Property be sold and the proceeds divided. Defendant Wade did not move forward to sell the Property or pay Plaintiff his share of the equity in the Property.  Since that time, Defendant Wade has been in possession of the Property and has enjoyed the sole and exclusive use of the Property.  Since moving to the State of Florida, on numerous occasions, Plaintiff has requested that the Property be sold and that he be paid his one-half interest in the Property, but Defendant Wade has refused.  As an alternative, Plaintiff also requested that Defendant Wade purchase his one-half interest in the Property from Plaintiff, but Defendant Wade has refused that option as well.[3]

Since 2012, to avoid damaging his credit rating, Plaintiff has expended in excess of $79,000.00 in payments related to the Property, including for mortgage, insurance, utilities, and taxes.  Plaintiff no longer desires to own the Property and wants to receive his fair market value for his interest in the Property, which has a current estimated value in excess of $110,000.00. Defendant Wade has refused all efforts to mediate this dispute or to otherwise reach a resolution

---

[1] See ECF Doc. 1, pp. 6-7 ¶7; see also id., pp. 13-17.

[2] Id., p. 7 ¶8.

[3] Id., pp. 7-8 ¶¶9-13.

without resorting to litigation.[4]

On January 10, 2020, Plaintiff filed a Civil Complaint against Defendants Wade and Superior, seeking, *inter alia*, partition of the Property.[5]    Defendant Wade was served with Plaintiff's Complaint on March 16, 2020.[6]    On March 26, 2020, the Affidavit of Service, evidencing same was filed with the Honorable Court.[7]    After being served with Plaintiff's Complaint, on April 13, 2020, Defendant Superior filed an Answer.[8]  On April 28, 2020, Plaintiff requested an entry of default against Defendant Wade, in light of her failure to move, answer, or otherwise appear within the time provided by the Federal Rules of Civil Procedure.[9]  On April 29, 2020, the Clerk of Court entered a default against Defendant Wade.  To date, Defendant Wade has not moved to set aside the entry of default and no counsel has entered appearance on her behalf. Therefore, Plaintiff now moves for the entry of a default judgment, in accordance with the Court's Order,[10] with respect to Count I of his Complaint, directing partition of the Property, in accordance with Pa.R.Civ.P. 1557.

## II.    Argument

### A.    Legal Standard

Rule 55 sets forth a two-step process for obtaining a default judgment.  Specifically, when

---

[4] Id., p. 8 ¶¶14-16.

[5] Id., p. 8, ¶¶17-20.

[6] Upon Plaintiff's request, see ECF Doc. 2, the summons was re-issued on February 21, 2020.

[7] See ECF Doc. 6.

[8] See ECF Doc. 7.

[9] See ECF Doc. 8.

[10] See ECF Doc. 11.

a party has "failed to plead or otherwise defend" an action, the Clerk of Court must enter the party's

default.  F.R.Civ.P. 55(a).  Then, upon application by the party not in default, a district court may

enter a default judgment.  See F.R.Civ.P. 55(b)(2).  Before entering a default judgment, however,

the court must make two determinations.  First, the court must determine that the facts set forth in

the complaint establish a legitimate cause of action, because a party in default does not admit mere

conclusions of law.  See Carroll v. Stettler, 2012 WL 3279213 *2 (E.D.Pa. 2012).  Second, the

court must determine that a default judgment is proper.  See Williams-Lester v. Vision Financial

Corp., 2017 WL 457184 *2 (E.D.Pa. 2017).  Thus, once a valid claim has been asserted, "[t]hree

factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default

is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether

defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3rd

Cir. 2000).

    As set forth below, Plaintiff satisfied all of the prerequisites for obtaining a default

judgment.  First, Plaintiff stated a well-recognized common law claim for partition of the Property.

Second, Plaintiff is entitled to the relief he is seeking.  Finally, because of the straightforward

nature of his claim, and because Defendant Wade has already defaulted, Plaintiff submits that the

matter may be resolved on the documentary evidence.  Indeed, a formal evidentiary hearing would

only serve to add unnecessarily-expended attorneys' fees to this matter.

   **B.**  **Plaintiff is entitled to a default judgment**

      **1.**   **The jurisdictional prerequisites for the entry of a default judgment are satisfied**

    To determine if an entry of a default judgment is appropriate, "the Court must first ensure

that the jurisdictional prerequisites . . . have been satisfied."  Williams-Lester, 2017 WL 457184

*3. Here, the Property is located in Montgomery County – within the jurisdiction of this Court.[11]

The parties are citizens of different states (Pennsylvania and Florida),[12] the matter in controversy

exceeds $75,000.00,[13] and Plaintiff (as a co-tenant of the Property) has standing to pursue its

partition.[14]  Defendant also has been properly served with the Civil Complaint.[15]  Accordingly,

this Court is a proper venue for the lawsuit at hand and has jurisdiction over the Property, the

dispute, and the parties.[16]

**2.     Plaintiff established a legitimate cause of action**

"Partition is a possessory action."  Jacobs v. Stephens, 204 A.3d 402, 406 (Pa. Super.

2019).  "The purpose of partition is to afford those individuals who no longer wish to be owners

the opportunity to divest themselves [of ownership] for a fair compensation."  Beall v. Hare, 174

A.2d 847, 849 (Pa. 1961).  "It is an adversary action and its proceedings are compulsory.  The rule

is that the right to partition is an incident of a tenancy in common, and an absolute right."  Bernstein

v. Sherman, 902 A.2d 1276, 1278 (Pa. Super. 2006).  "Partition lies not only where land is held in

---

[11] 28 U.S.C. § 118(a).

[12] See ECF Doc. 1, p. 6 ¶¶2, 3.

[13] See id., p. 8 ¶¶8, 14-15.  For instance, Plaintiff has plead that the value of the Property (at the time of the filing) is "in excess of $110,000.00."  Id., p. 8 ¶15.

[14] "As a general rule, owners of undivided interests in real property have an absolute right to partition."  In re: Kasych, 614 A.2d 324, 326 (Pa. Super. 1992); see also ECF Doc. 1, p. 7 ¶7; Pa.R.Civ.P. 1553 (directing that "[a]n action for partition may be brought by any one or more co-tenants. . . ."); 23 Standard Pennsylvania Practice 2d § 122:36, p. 47 (explaining that "[t]he general rule of law is that all property capable of being held in cotenancy is subject to partition by judicial proceedings. . . .").

[15] See ECF Doc. 6; F.R.Civ.P. 4(c)(2), (e)(2)(B).

[16] See, e.g., Fischer v. Wurts, 1997 WL 407987 (E.D.Pa. 1997)(partitioning a house in Montgomery County owned by the parties as tenants in common).

common **but also where it is held in joint tenancy with right of survivorship**." 23 <u>Standard</u>

<u>Pennsylvania Practice 2d</u> § 122:44, p. 54(emphasis supplied); <u>see</u> <u>also</u> <u>In re: Estate of Quick</u>, 905

A.2d 471 (Pa. 2006)(recognizing that a joint tenant with right of survivorship may obtain a decree

granting partition); <u>DeLoatch v. Murphy</u>, 535 A.2d 146, 149 (Pa. Super. 1987)(partitioning real

estate owned by the parties "as tenants by the entireties, which created a joint tenancy with right

of survivorship. . .").  As explained in <u>Lombardo v. DeMarco</u>, 504 A.2d 1256 (Pa. Super. 1985):

> [A] co-tenant does not possess the right to tie the hands of a fellow co-tenant from realizing his undivided property interest.  The right to have partition of property is one of the longstanding rules of property ownership under which persons acquire and continue to hold ownership of real estate in common with other persons, and its existence and the right to resort to it are necessary to prevent such ownership from becoming, in many cases, entirely useless and burdensome, for without it, one tenant in common could, by his unwillingness or inability to act, entirely deprive his cotenants of the benefit of ownership.[17]

Ultimately, a plaintiff in a partition action must only show title to the property.  <u>See</u> <u>Appeal</u>

<u>of Hays</u>, 16 A. 600, 601 (Pa. 1889). Here, Plaintiff has plead his ownership interest and attached a

copy of the recorded deed for the Property confirming this fact.[18]  Accepting as true the facts

alleged in his Complaint, Plaintiff has made out a legitimate cause of action for partition of the

Property.

### 3.    Default judgment is appropriate

The analysis of the <u>Chamberlain</u> factors supports the entry of a default judgment.  As to

the first factor – prejudice to Plaintiff if default judgment is denied — "[a] plaintiff will be

prejudiced absent a default judgment where, due to the defendant's continued failure to respond to

---

[17] <u>Id.</u>, at 1262.

[18] <u>See</u> ECF Doc. 1, p. 2 ¶7; <u>see</u> <u>also</u> <u>id.</u>, pp. 13-17.

plaintiff's claims, the plaintiff is left with no other recourse." Cyprus Mines Corp. v. M & R Indus., Inc., 2015 WL 1469529 *8 (D.N.J. 2015). "Prejudice is particularly likely where the defendants do not answer at all, and the delay threatens to stretch on indefinitely." Frenkel v. Klein, 2014 WL 5697449 *11 (E.D.Pa. 2014).

In this case, Plaintiff seeks to redress his "absolute right" under the common law. Bernstein, 902 A.2d at 1278. As a joint tenant with Defendant Wade with right of survivorship, Plaintiff will be entirely deprived of his interest in the Property should he pass away before partition is granted (leaving Defendant Wade with an unfair windfall). See Quick, 905 A.2d at 474 (explaining that, "[w]hen two or more persons hold property as [joint tenants with right of survivorship], title to that property vests equally in those persons during their lifetimes, with **sole ownership passing to the survivor at the death of the other joint tenant**. . . .")(emphasis supplied); Sheridan v. Lucey, 149 A.2d 444, 446 (Pa. 1959)(confirming that "the mere pendency of an action in partition, without more, is insufficient to work a severance of the joint tenancy. . .."); Allison v. Powell, 481 A.2d 1215 (Pa. Super. 1984)(holding that, where a joint tenant died immediately after instituting a partition action, the joint tenancy was not severed). It is clear that Plaintiff would be unable to vindicate his rights if not through this lawsuit.[19] Defendant did not answer or otherwise show up to defend against the charges in the Complaint. Thus, Plaintiff would be prejudiced if the default judgment is not granted.

Notably, the applicable rules and our courts explicitly recognize that partition may be granted because of a default. See Pa.R.Civ.P. 1557 (mandating that, "[i]f the court determines that **there shall be partition because of a default** or admission or after a hearing or trial, the court

---

[19] Indeed, as plead in the Complaint, Plaintiff has repeatedly asked Defendant Wade to buyout his interest in the Property to no avail. See ECF Doc. 1, pp. 7-8 ¶¶9-16.

**shall** enter an order directing partition. . . .")(emphasis supplied); <u>Zimmer v. Zimmer</u>, 326 A.2d 318, 320 (Pa. 1974); <u>Lombardo</u>, 504 A.2d at 1259 (explaining that, under the applicable rules, a court can issue "an order of partition **following . . . a default**, an admission, a hearing, or a trial. . . .")(emphasis supplied).

The second factor that the Court must consider is whether the defendant has any meritorious defenses. <u>See</u> <u>Chamberlain</u>, 210 F.3d at 164. The "[c]ourts often weigh this factor in favor of granting default judgment where a party has failed to answer claims against it." <u>Grove v. Rizzi 1857 S.P.A.</u>, 2013 WL 943283 *3 (E.D.Pa. 2013); <u>see</u> <u>also</u> <u>E. Elec. Corp. of New Jersey v. Shoemake Construction Co.</u>, 657 F.Supp. 2d 545, 553 (E.D.Pa. 2009). As noted above, the right to partition is "absolute." <u>Bernstein</u>, 902 A.2d at 1278. Moreover, Defendant did not defend the case and, therefore, there is no evidence before the Court to even suggest that Defendant had any meritorious defenses. <u>See</u> <u>Havison v. Williams Alexander & Assocs., Inc.</u>, 2016 WL 7018532 *2 (D.N.J. 2016)(holding that, "given that [d]efendant has failed to appear or plead in this action, the Court finds no basis for [d]efendant to claim a meritorious defense . . ."). The Court, therefore, should weigh this factor against Defendant Wade. <u>See</u> <u>Manopla v. Bryant, Hodge and Associates, LLC</u>, 2014 WL 793555 *5(D.N.J. 2014)(where the complaint states a claim for violation of a federal statute and the defendant fails to respond, there is no evidence of a meritorious defense).

The third factor requires the Court to consider the culpability of Defendant Wade's conduct. <u>See</u> <u>Chamberlain</u>, 210 F.3d at 164. The Third Circuit has held that "willfulness" or "bad faith," but not negligence, is culpable. <u>See</u> <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3rd Cir. 1984). "Bad faith may be presumed if a defendant offers no reason for its failure to engage in the litigation process." <u>Frenkel</u>, 2014 WL 5697449 *12. The Court may infer that Defendant Wade engaged in culpable conduct by failing to respond to the Complaint, which is exactly what

happened in this matter.  Id.  Accordingly, all three requisite factors weigh in favor of granting

Plaintiff a default judgment and ordering partition of the Property.

### III.   Conclusion

Wherefore, for all of the above-reasons, Plaintiff respectfully requests that this Honorable

Court enter an Order in the form attached hereto and, subsequently schedule a conference in

accordance with Pa.R.Civ.P. 1558.[20]

Date: <u>May 26, 2020</u>                                **KALIKHMAN & RAYZ, LLC**

/s/
_____
Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone:  (215) 364-5030
Facsimile:  (215) 364-5029
E-mail: erayz@kalraylaw.com

Counsel for Plaintiff(s)

---

[20] See Kapcsos v. Benshoff, 194 A.3d 139, 141-143 (Pa. Super. 2018)(explaining the two-part nature of partition proceedings under Pennsylvania law).